**Frank P. LUCIANNA, Appellant,**

v.

**HIP SING ASSOCIATION and Yen Kiang Association, Intervenor-Appellees.**

**No. 4552.**

District of Columbia Court of Appeals.

Argued April 8, 1969.

Decided Oct. 3, 1969.

John C. Williams, Washington, D. C., for appellant.

Claire O. Ducker, Sr., Washington, D. C., for intervenor-appellees.

Before HOOD, Chief Judge, and KELLY and KERN, Associate Judges.

KERN, Associate Judge.

Appellant obtained a judgment in the amount of $2000 against the defendant below, John Liu, and on April 27, 1967, attached his bank account which had a balance of $489.69. Appellant sought in court below a judgment of condemnation of the account. The Yen Kiang Association (Yen Kiang) and the Hip Sing Association (Hip Sing) intervened to obtain the release of $240 and $200, respectively, from the attached bank account on the ground that such amounts belonged to them and were not available to Liu's creditors. Their intervention was properly allowed. Gay v. Peoples Hardware Company, Inc., D.C.App., 221 A.2d 923 (1966).

The trial court heard testimony and made findings of fact that: Yen Kiang delivered Chinese Opera tickets to its members, including Liu, to sell with the understanding that they would return the unsold tickets and the money from the sale of the tickets. John Liu gave Yen Kiang on April 22, 1967, a check drawn on his personal account in the amount of $240 representing the proceeds from his ticket sales and made payable at the Association's request to the District of Columbia Recreation Department which was sponsoring the performance. On the next banking day Liu deposited $200 in

his account which he had obtained from his sale of the tickets and which when added to the balance of his account covered the $240 check he had written. Liu's bank received appellant's attachment before it could pay this check.

On April 21, 1967, the Vice President of Hip Sing on the occasion of its annual banquet at a restaurant gave Liu $200 in cash and instructed him to pay this sum to the Association's attorney for legal services theretofore rendered. Instead, however, Liu used this cash to pay the restaurant's bill for the banquet which was $200. Several days later Liu sent his personal check for $200 to the Association's attorney. On April 26, 1967, Hip Sing gave Liu $200 in cash which had been collected from its members to pay for the banquet and he took this money to his bank. There, he cashed a check representing a personal loan he had obtained from another bank in the amount of $502.20 and deposited $250 to cover the $200 check he had drawn on his own account and sent to Hip Sing's attorney. The attachment of his bank account prevented payment of this check also.

The court entered its conclusions of law that the defendant Liu was "a trustee and conduit of the funds" of Yen Kiang and Hip Sing and that although these funds were deposited in his personal bank account they were the "beneficial owners" of $240 and $200, respectively, in his bank account. The trial court ordered Liu's bank to release $240 to Yen Kiang and $200 to Hip Sing and then to pay over the balance remaining to appellant.

Appellant contends that the evidence does not support the trial court's findings. Although Liu's testimony in the court below was at times confused and confusing the trial court as trier of fact observed the witnesses and determined their credibility and we cannot say that its findings are unsupported by evidence in the record.

Appellant also argues that since Liu wrongfully deposited in his own bank account the particular funds which the intervenor-appellees had entrusted to him they became creditors of Liu and therefore the trial court erred in according them preferential treatment over appellant. The evidence supports the conclusion by the court below that Liu held the moneys which Yen Kiang and Hip Sing gave him for their benefit and under their instructions. Therefore, a fiduciary relationship existed between Liu and the intervenor-appellees rather than that of debtor-creditor. *Cf.* Brown v. Christman, 75 U.S.App.D.C. 203, 126 F.2d 625 (1942); Hardy v. Hardy, 235 F.Supp. 208, 211 (D.D.C. 1964). Since Liu failed to follow the instructions of the intervenor-appellees with respect to disbursing their money but wrongfully commingled it with his own in *his* bank account they have priority over appellant, Liu's creditor, with respect to the funds in such bank account. 5 Scott on Trusts, § 515 (3rd ed. 1967). We hold that the court below correctly concluded that the intervenor-appellees must receive from Liu the amounts they entrusted to him before appellant can be satisfied from Liu's funds. The judgment is

Affirmed.