**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Ayers v. Cleveland*, **Slip Opinion No. 2020-Ohio-1047.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-1047

AYERS, APPELLANT, *v.* THE CITY OF CLEVELAND ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Ayers v. Cleveland*, Slip Opinion No. 2020-Ohio-1047.]**

*Political-subdivision liability—Former R.C. 2744.07(A)(2), now R.C. 2744.07(B)—The right to indemnification set forth in R.C. 2744.07 may be asserted only by an employee of a political subdivision—Court of appeals' judgment affirmed.*

(No. 2018-0852—Submitted June 12, 2019—Decided March 25, 2020.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 105074, 2017-Ohio-8571.

_____

**FISCHER, J.**

{¶ 1} In this case, we consider whether a judgment creditor may proceed directly against a political subdivision under R.C. 2744.07. Because we conclude that the right to indemnification set forth in R.C. 2744.07(A)(2) (relevant statutory

language now in R.C. 2744.07(B)[1]) may be asserted only by an employee of a political subdivision, we conclude that a judgment creditor may not proceed directly against a political subdivision under that statutory provision.

## I. Factual and Procedural Background

{¶ 2} After more than a decade of imprisonment, appellant, David Ayers, prevailed on federal habeas corpus claims and was released from prison in 2011. He then filed a complaint in federal district court asserting civil-rights violations against appellee the city of Cleveland; two of its police detectives, Michael Cipo and Denise Kovach; and others. The court granted summary judgment in favor of Cleveland and dismissed all claims Ayers raised against the city.

{¶ 3} After a trial that involved only claims against Cipo and Kovach, the jury returned a verdict in Ayers's favor finding that Cipo and Kovach had violated Ayers's federal constitutional rights. The district court entered a judgment against the detectives in the amount of $13,210,000 and later increased the amount by awarding costs and attorney fees. The detectives twice offered to assign to Ayers any indemnification claims that they might have against the city in exchange for an agreement by Ayers to forgo collection efforts against the detectives personally. Ayers rejected each offer.

{¶ 4} Cleveland did not actively seek to indemnify the detectives, and the detectives did not seek to enforce any rights to indemnification by the city. Cipo passed away before paying any amount to Ayers, and Ayers made no claim against Cipo's estate. Kovach, represented by David M. Leneghan, a lawyer retained for Kovach by Cleveland, filed a petition for Chapter 7 bankruptcy, and the bankruptcy court discharged Kovach's personal liability on the judgment.

---

1. The applicable provision in this case is former R.C. 2744.07(A)(2), Am.Sub.S.B. No. 106, 149 Ohio Laws, Part II, 3500, 3515-3516. After the court of appeals issued the decision on appeal, the General Assembly, in 2018 Sub.S.B. No. 239 (effective Oct. 29, 2018), amended R.C. 2744.07 so that the relevant provisions are now in R.C. 2744.07(B).

{¶ 5} After the bankruptcy proceedings were completed, Ayers filed a motion with the federal district court to reinstate his indemnification claim against Cleveland. The district court initially granted Ayers's motion to reinstate the claim, but it later vacated its order and dismissed the claim for lack of subject-matter jurisdiction after deciding that the state courts were best positioned to determine whether indemnification is available.

{¶ 6} Ayers then filed the underlying action in Cuyahoga County Common Pleas Court against Cleveland, Leneghan, and appellee Joseph Scott, an attorney who represented both Cleveland and the officers in the prior proceedings. Against Cleveland, Ayers asserted claims of statutory indemnification pursuant to R.C. 2744.07(A)(2), tortious interference with the enforcement of a judgment, breach of contract, abuse of process, unjust enrichment, specific performance, and civil conspiracy. Against the attorneys, he asserted claims of tortious interference with the enforcement of a judgment, aiding and abetting, abuse of process, and civil conspiracy. The trial court granted Leneghan's motion to dismiss the abuse-of-process claims against him, but it denied his request to dismiss the remaining claims.

{¶ 7} After discovery, the parties filed limited motions for summary judgment on the threshold issue whether Ayers is entitled to seek indemnification from Cleveland pursuant to R.C. 2744.07(A)(2). In his motion for partial summary judgment, Ayers asserted that R.C. 2744.07(A)(2) affords him relief. In the joint motion for partial summary judgment of Cleveland and Scott, they primarily asserted that Ayers lacks standing to bring an indemnification claim against Cleveland under R.C. 2744.07(A)(2). (For purposes of this opinion, Cleveland and Scott will be referred to collectively as "Cleveland" from this point forward.) The common pleas court granted Ayers's motion for summary judgment after concluding that R.C. 2744.07(A)(2) requires Cleveland to indemnify the officers and pay the judgment. The court dismissed Ayers's other claims as moot.

{¶ 8} The Eighth District Court of Appeals reversed in a two-to-one decision. 2017-Ohio-8571, 99 N.E.3d 1269, ¶ 50. The majority concluded that Ayers, as a judgment creditor, does not have standing to bring a private cause of action against the city to enforce the city's obligations to its employees. *Id.* at ¶ 28. It concluded that Ayers's claims "are not within the zone of interest intended to be protected or regulated by R.C. 2744.07(A)(2)." *Id.* at ¶ 31. The court further held that a private cause of action by a judgment creditor does not arise by implication of R.C. 2744.07(A)(2), the purpose of which is not to benefit third parties injured by the acts of a state employee but to shield the employee from financial ruin that may result from an act the employee committed in good faith within the scope of employment. *Id.* The court remanded the cause to the trial court for further proceedings.

{¶ 9} Judge Kilbane dissented. She wrote that the plain intent of R.C. 2744.07(A)(2) is to satisfy judgments when persons have been injured as a result of a municipal employee's actions committed in good faith and in the course and scope of employment. *Id.* at ¶ 61 (Kilbane, J., dissenting). She added that a third party has standing to enforce a city's duty to pay a judgment when there is no dispute regarding an employee's statutory right to indemnification. *Id.* at ¶ 56. Finally, she concluded that Ayers, as a judgment creditor, is the real party in interest and has standing to assert the officers' statutory rights to indemnification against Cleveland. *Id.*

{¶ 10} This court accepted jurisdiction over Ayers's first proposition of law only: "[R.C.] 2744.07(A)(2) reflects the legislature's intent to permit a judgment creditor to proceed directly against an indemnitor." *See* 153 Ohio St.3d 1467, 2018-Ohio-3450, 106 N.E.3d 65.

## II. Analysis

{¶ 11} As set forth in R.C. 2744.02(A)(1), the general rule in Ohio is that political subdivisions are not liable in damages in civil actions:

> Except as provided in division (B) of this section, a political
> subdivision is not liable in damages in a civil action for injury, death,
> or loss to person or property allegedly caused by any act or omission
> of the political subdivision or an employee of the political
> subdivision in connection with a governmental or proprietary
> function.

R.C. 2744.02(B) provides five exceptions to this general rule and makes political subdivisions liable in those specific instances. None of the R.C. 2744.02(B) exceptions apply in this case.

{¶ 12} Although political subdivisions are not liable for the actions of employees like those in this case, pursuant to R.C. 2744.07, political subdivisions are required to indemnify employees in certain instances. At the relevant time period, R.C. 2744.07(A)(2) provided:

> Except as otherwise provided in this division, a political
> subdivision *shall indemnify and hold harmless an employee in the
> amount of any judgment*, other than a judgment for punitive or
> exemplary damages, that is *obtained against the employee in a state
> or federal court* or as a result of a law of a foreign jurisdiction and
> *that is for damages for* injury, death, or *loss to person or property
> caused by an act or omission in connection with a governmental or
> proprietary function*, if at the time of the act or omission the
> employee was acting in good faith and within the scope of
> employment or official responsibilities.

(Emphasis added.) Am.Sub.S.B. No. 106, 149 Ohio Laws, Part II, 3500, 3515-3516. This provision in R.C. 2744.07 has since been amended, but, as relevant to this case, the current version of the statute contains no significant differences.

{¶ 13} In this case, Kovach never asserted her right to indemnification. Instead, it is Ayers who seeks to assert the officer's right to indemnification. The issue in this case is thus whether a judgment creditor may enforce the indemnification provision of R.C. 2744.07(A)(2) or whether that provision may be asserted only by an employee.

### A. The parties' arguments

{¶ 14} Ayers argues that the text of R.C. 2744.07(A)(2) permits a judgment creditor to proceed directly against a political subdivision. He further argues that this interpretation of the statute is supported by its legislative history; comports with the legislature's intent and with the common practice of political-subdivision indemnification; protects public employees; provides a form of public insurance; promotes judicial economy; and avoids unfairness, gamesmanship, and injustice. Finally, he argues that he has third-party standing to enforce the indemnification provision of R.C. 2744.07(A)(2).

{¶ 15} Cleveland counters that the text of R.C. 2744.07(A)(2) clearly and unambiguously limits indemnification rights to employees. It further asserts that its interpretation is supported by other statutes, that there is no need to consider legislative history because the statute is not ambiguous, and that Ayers's arguments based on legislative history are unconvincing. It also argues that adopting Ayers's position would nullify R.C. Chapter 2744's immunity scheme by making political subdivisions directly liable for damages in circumstances in which that Chapter otherwise says that they should not be directly liable.

*B. R.C. 2744.07(A)(2) does not permit a judgment creditor to proceed directly on an indemnification claim against a political subdivision*

{¶ 16} At the outset of our analysis, we emphasize the limited nature of the precise issue before the court. The parties have raised numerous arguments that are based on the facts of this case, including regarding whether Kovach's bankruptcy proceedings were related to Cleveland's legal strategy to avoid paying the judgment against the officers and whether Cleveland may use a ruling in its favor in this case to its future advantage. In its opinion below, the Eighth District emphasized that its decision was limited strictly to the statutory-interpretation question that has now been appealed to this court. The Eighth District explained that Ayers's other claims against Cleveland had not yet been litigated and that these fact-based arguments should not be addressed until the parties have had an opportunity to develop and litigate them on remand. For this reason, we focus solely on the issue whether a judgment creditor may proceed directly against a political subdivision under R.C. 2744.07(A)(2), and we note that any remaining issues preserved by the parties may be addressed in any further proceedings that may occur below.

{¶ 17} The primary goal of statutory construction is to give effect to the legislature's intent, and in determining the legislature's intent, we first look to the plain language of the statute. *State v. Gordon*, 153 Ohio St.3d 601, 2018-Ohio-1975, 109 N.E.3d 1201, ¶ 8. "When a statute is plain and unambiguous, we apply the statute as written." *Id.*, citing *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St. 3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 52, citing *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 74 Ohio St.3d 543, 545, 660 N.E.2d 463 (1996).

{¶ 18} In reviewing the plain language of R.C. 2744.07(A)(2), it is clear that a political subdivision must indemnify an employee in the amount of any judgment qualifying under the statute. A relevant consideration in applying this statute is who qualifies as an "employee."

{¶ 19} The definition of "employee" is contained in R.C. 2744.01(B): " '*Employee*' means *an officer, agent, employee, or servant*, whether or not compensated or full-time or part-time, *who is authorized to act and is acting within the scope of the officer's, agent's, employee's, or servant's employment for a political subdivision*." (Emphasis added.)

{¶ 20} Ayers clearly does not qualify as an employee under the statute. The issue, then, is whether Ayers, as a third-party judgment creditor, may assert an employee's indemnification rights when proceeding directly against a political subdivision under R.C. 2744.07(A)(2).

{¶ 21} R.C. 2744.07(A)(2) provides that a political subdivision "shall indemnify and hold harmless an *employee*." (Emphasis added.) Thus, the right of indemnification is personal to the employee. The limited nature of this indemnification right is underscored by what the statute does not say. For example, the statute does not provide that a political subdivision shall indemnify any judgment against an employee. Nor does the statute provide that a third party may enforce this right of indemnification on behalf of an employee. Based on the unambiguous language of the statute, which serves only to indemnify an *employee* and does not vest any rights in third parties connected to the employee, we conclude that R.C. 2744.07(A)(2) does not permit a judgment creditor to proceed directly against an indemnitor.

{¶ 22} Our conclusion is further supported by a prior decision of this court in which we explained that indemnification is a personal right rather than a right that may be enforced by a third party. *See Worth v. Aetna Cas. & Sur. Co.*, 32 Ohio St.3d 238, 240, 513 N.E.2d 253 (1987). In *Worth*, this court explained:

> *Indemnity* arises from contract, either express or implied, and *is the right of a person*, who has been compelled to pay what another should have paid, *to require complete reimbursement*.

> *Travelers Indemnity Co. v. Trowbridge* (1975), 41 Ohio St.2d 11, 70 O.O.2d 6, 321 N.E.2d 787, paragraph two of the syllabus. In general, *to indemnify is* to make whole and has been defined to mean *to save harmless by giving security for the reimbursement of a person* in case of anticipated loss, as by execution and delivery of a bond. See, generally, 41 American Jurisprudence 2d (1968) 687, Indemnity, Section 1.

(Emphasis added.) *Id.*

{¶ 23} Ayers argues that *Worth* is inapposite and that this court should not apply the definition of "indemnify" from that decision because that definition is limited to the context of contract law. This argument is unavailing. While the *Worth* decision does note that the concept of indemnification arises from contract law, the court set forth in that decision a general definition of "indemnity" that is applicable in this case. As this court explained in *Worth*, indemnification exists to "make whole" the person who is indemnified. *Id.* In other words, indemnification does not exist to benefit a third party.

{¶ 24} Finally, we note that limiting the right of indemnification under R.C. 2744.07(A)(2) to employees is consistent with the overarching framework of political-subdivision liability in Ohio. As this court has explained, political subdivisions are generally shielded from liability for the acts of their employees and exceptions to that general rule must be specifically set forth in statute. *Wilson v. Stark Cty. Dept. of Human Servs.*, 70 Ohio St.3d 450, 452, 639 N.E.2d 105 (1994). R.C. 2744.07(A)(2) provides for a political subdivision to indemnify only employees of the political subdivision. Because the statute does not specifically provide for a third-party to enforce an employee's right of indemnification against a political subdivision, we may not read that provision into the statute.

**{¶ 25}** We accordingly hold that under R.C. 2744.07(A)(2), indemnification by a political subdivision is a personal right of a particular employee. Based on the plain language of that statute, the personal right of indemnification may be asserted only by the employee and it may not be asserted by a judgment creditor.

*C. The issue of third-party standing is not properly before the court in this appeal*

**{¶ 26}** Ayers further argues that even if R.C. 2744.07(A)(2) permits only employees to seek indemnification, he still has third-party standing to enforce the statute under the facts of this case.

**{¶ 27}** This third-party-standing argument is not properly before the court in this appeal. The argument goes beyond the interpretation of R.C. 2744.07(A)(2), which is the discrete legal issue raised in Ayers's proposition of law that this court accepted for review. Moreover, while the Eighth District rejected Ayers's third-party-standing argument, that argument was not raised in Ayers's memorandum in support of jurisdiction. For these reasons, we decline to address this argument on the basis that it is beyond the scope of this appeal.

## III. Conclusion

**{¶ 28}** Because we conclude that the right to indemnification set forth in R.C. 2744.07(A)(2) may be asserted only by an *employee* of a political subdivision as specifically set forth in that statute, we hold that a judgment creditor may not proceed directly against a political subdivision under that statutory provision. We accordingly affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, DEWINE, and DONNELLY, JJ., concur.

STEWART, J., dissents, with an opinion.

_____

**STEWART, J., dissenting.**

{¶ 29} I would reverse the judgment of the court of appeals and hold that R.C. 2744.07(A)(2) (now R.C. 2744.07(B)[2]) reflects the legislature's intent to permit a judgment creditor to proceed directly against a political-subdivision indemnitor. I disagree with the majority's holding that under the statute, only employees can invoke a political subdivision's obligation to indemnify the amount of a judgment awarded against the employees.

{¶ 30} R.C. 2744.07(A)(2) is limited to a small and very specific class of judgments. As this case demonstrates, a judgment creditor is in the best position to assert the rights created by this statute. *See Jackson v. Birmingham Bd. of Edn.*, 544 U.S. 167, 181, 125 S.Ct. 1497, 161 L.Ed.2d 361 (2005). When applying a statute, courts must presume that the General Assembly intended a just and reasonable result. R.C. 1.47(C); s*ee State ex rel. Cincinnati Post v. Cincinnati*, 76 Ohio St.3d 540, 543-544, 668 N.E.2d 903 (1996) (R.C. 121.22, Ohio's "Sunshine Law," cannot be interpreted in a manner that circumvents the purpose of the statute, which is to prohibit secret deliberations of elected officials). Instead of a just and reasonable interpretation of R.C. 2744.07(A)(2), the majority's decision renders the statute meaningless.

{¶ 31} We determine legislative intent by considering the language of the statute and the purpose to be accomplished. *Sutton v. Tomco Machining, Inc.*, 129 Ohio St.3d 153, 2011-Ohio-2723, 950 N.E.2d 938, ¶ 12. R.C. 2744.07(A)(2) provides that "a political subdivision shall indemnify and hold harmless an employee in the amount of any judgment * * * that is obtained against the employee * * *." The purpose of the statute is to pay qualifying judgments obtained against employees of a political subdivision so that employees are not burdened by those judgments. There is no dispute that the judgment in this case qualifies under the

---

2. The statutory provisions at issue in this case in former R.C. 2744.07(A)(2), Am.Sub.S.B. No. 106, 149 Ohio Laws, Part II, 3500, 3515-3516, now appear in R.C. 2744.07(B).

statute, and there is no dispute that the persons against whom appellant, David Ayers, obtained that judgment were employees of appellee the city of Cleveland. The only question, then, is how is the political subdivision's indemnification obligation invoked? The majority leaves this question unanswered. This is problematic for the reasons that follow.

{¶ 32} R.C. 2744.07(A)(2) does not contain any language establishing a procedure for an employee to invoke the city's indemnification obligation. The Ohio General Assembly clearly knows how to establish such procedures. *See, e.g.*, R.C. 9.87(E) (establishing the procedure for invoking indemnification for judgments against state officers and employees incurred in the performance of official duties); R.C. 9.871(C) (establishing the procedure for invoking indemnification for the cost of legal representation of employees of the Department of Rehabilitation and Correction in connection with the dismissal or acquittal of criminal charges for actions that occurred within the course and scope of employment); R.C. 120.41(B)(2) (establishing the procedure for invoking indemnification for public defenders in connection with malpractice actions). Without statutory language setting forth a procedure, there is no clear intent by the legislature to limit initiating the city's indemnification obligation to only employees. *See Griffith v. Aultman Hosp.*, 146 Ohio St.3d 196, 2016-Ohio-1138, 54 N.E.3d 1196, ¶ 28 (declining to impose a requirement that a patient seeking a medical record under R.C. 3701.74 state a reason for the request because the statute had no such requirement); *see also State v. Morgan*, 153 Ohio St.3d 196, 2017-Ohio-7565, 103 N.E.3d 784, ¶ 28 (this court may not restrict, qualify, narrow, or enlarge the General Assembly's wording when construing the meaning of a statute).

{¶ 33} In the absence of a statutory procedure, and as the majority suggests by reference, majority opinion at ¶ 22, a political subdivision could fulfill its indemnification obligation by reimbursing an employee who pays a judgment. However, requiring the employee to first pay the judgment and then seek

reimbursement does not indemnify or hold the employee harmless. In reality, a great deal of harm could befall an employee who would be required to first pay a judgment from his or her personal resources before eventually recovering the amount from the political subdivision. *See, e.g., Dixon v. Holden*, 923 S.W.2d 370, 378 (Mo.App.1996) (reasoning that by enacting a statute creating a fund to defend and pay judgments against state employees, the legislature intended to protect them as much as possible from the rigors of litigation and that requiring an employee to pay from his or her pocket prior to being made whole would defeat that purpose). Moreover, R.C. 2744.07(A)(2) is not worded to indemnify employees for *losses* they suffer as a result of paying a judgment. The statute indemnifies employees against the judgment itself. The difference is significant and cannot be ignored. *See Henderson-Achert Lithographic Co. v. John Shillito Co.*, 64 Ohio St. 236, 254-255, 60 N.E. 295 (1901) (discussing the essential difference between indemnification against loss and indemnification against liability).

**{¶ 34}** Under the majority's decision, the only other option would be for an employee to invoke his or her clear right to have the political subdivision pay the judgment. Either one of these options could have taken place here but did not, thus vesting the employees against whom the judgment was rendered with the ultimate authority over whether the judgment was paid. This cannot be what the legislature intended. Additionally, as the majority notes, "The detectives twice offered to assign to Ayers any indemnification claims that they might have against the city in exchange for an agreement by Ayers to forgo collection efforts against the detectives personally. Ayers rejected each offer." Majority opinion at ¶ 3. Noting these facts begs a key question: Why did the detectives not simply invoke their right to have the city pay the judgment? If they had done so, as the majority holds only they could do, the city would have had to pay the judgment and there would be nothing left for Ayers to collect from the detectives. Thus, the offer to assign any

claims the employees "might have [had] against the city" in exchange for a forbearance of collection efforts is suspect.

{¶ 35} The majority's interpretation of the statute—that only the employee can seek indemnification—disregards the statutory language that requires the political subdivision to pay the judgment against the employee. The statute cannot be applied in a way that subjects employees to financial ruin or that allows employees to control whether a legally qualifying judgment is paid. The language of R.C. 2744.07(A)(2) establishes that its purpose is to satisfy judgments that result from a political subdivision's employee's conduct committed in good faith and within the scope of employment and thereby to protect employees by indemnifying and holding them harmless from the burdens of those judgments.

{¶ 36} The trial court did not err when it ruled that Ayers could proceed against the city for indemnification for the judgment obtained against the employees. I would hold that the political subdivision's obligation to pay the judgment can be enforced when a qualifying judgment is obtained against an employee and the judgment creditor proceeds against the political subdivision for payment of the judgment. This interpretation satisfies the purpose of R.C. 2744.07(A)(2). Because the majority holds otherwise, I respectfully dissent.

_____

Law Office of Michele L. Berry and Michele Berry; and Loevy & Loevy, Scott Rauscher, Anand Swaminathan, Debra Loevy, Matthew Topic, and Daniel Twetten, for appellant.

Littler Mendelson, P.C., Robert M. Wolff, and Inna Shelley; and Barbara A. Langhenry, Cleveland Director of Law, and Mark V. Webber, Assistant Director of Law, for appellee city of Cleveland.

Littler Mendelson, P.C., Robert M. Wolff, and Inna Shelley, for appellee Joseph Scott.

Latham & Watkins, L.L.P., Samuel B. Isaacson, and Alex Grabowski; and Porter, Wright, Morris & Arthur, L.L.P., and Kathleen M. Brinkman, urging reversal for amici curiae Ohio law professors Avidan Cover, Llewellyn Gibbons, Doron Kalir, Andrew Pollis, Cassandra Burke Robertson, John Sahl, and Rachel Smith.

Ron O'Brien, Franklin County Prosecuting Attorney, and Arthur J. Marziale Jr., Nick A. Soulas Jr., and Amy L. Hiers, Assistant Prosecuting Attorneys, urging affirmance for amicus curiae Ohio Prosecuting Attorneys Association.

Mazanec, Raskin & Ryder Co., L.P.A., and Frank H. Scialdone, urging affirmance for amicus curiae Ohio Association of Civil Trial Attorneys.

_____