John R. GAY, t/a Biltmore Realty Company, Appellant,

v.

PEOPLES HARDWARE COMPANY, Inc., Appellee.

No. 3801.

District of Columbia Court of Appeals.

Argued June 20, 1966.

Decided Aug. 3, 1966.

Rehearing Denied Aug. 16, 1966.

James J. Laughlin, Washington, D. C., for appellant.

Hyman Rubin, Washington, D. C., for appellee.

Before QUINN and MYERS, Associate Judges, and CAYTON (Chief Judge Retired).

MYERS, Associate Judge:

A judgment in favor of Peoples Hardware Company, Inc., was entered against John R. Gay in the trial court upon which writs of attachment were issued on the funds of Gay in two accounts in a local bank. The garnishee in its reply to the writ stated that it was holding funds totaling $346.69 in two accounts, one in the name of Mrs. Aimee H. Gay and John R. Gay and the other in the name of Biltmore Realty Company. Gay filed a motion to quash the attachments on the ground that all the attached funds were the sole property of his mother, Aimee H. Gay. At the hearing on the motion, Gay sought to introduce an affidavit purportedly executed by his mother asserting that the money belonged to her, and several cancelled checks to indicate that they were drawn for his mother's benefit. Upon objection, the trial court ruled that the affidavit and checks were both inadmissible. From judgment denying the motion to quash the garnishments, this appeal followed. The only error charged was the ruling of the trial court that the money in the accounts was subject to attachment for a debt due and owing by appellant.

It is firmly established in this jurisdiction that public policy forbids a debtor from setting up, as a device for avoiding an obligation, the pretense that funds on deposit in his name are held by him as trustee for another. Such defense can be made only by intervention in the cause by the

principal or *cestui que trust*. Reynolds v. Smith, 7 Mackey 27, 18 D.C. 27 (1888). This right of intervention is well settled, with the only restriction that the intervener must have an interest in the attached property by way of lien or otherwise, or by claim of title to the property. D.C.Code, 1961, § 16–520 (Supp. V, 1966); Daniels v. Solomon, 11 App.D.C. 163, 171 (1897).

■ Although appellant's mother claimed in her affidavit that the money on deposit belonged to her, she never appeared personally or through counsel to establish her ownership of the accounts. The burden of proving title to the funds was upon her. Her affidavit was inadmissible for that purpose as it deprived the opposing party of opportunity of cross-examination as to the truth and accuracy of her claim. In her unexplained absence at the trial and without competent evidence to substantiate that the money in the bank accounts did not in fact belong to appellant, the trial court properly denied the motion to quash the attachments.

Affirmed.