FEDERAL DEPOSIT INSURANCE CORP., APPELLANT, *v.*
WURSTNER, INC., APPELLEE.

[Cite as Federal Deposit Ins. Corp. v. Wurstner (1976),
50 Ohio App. 2d 57.]

(No. 37083—Decided November 2, 1976.)

*Messrs. Squire, Sanders & Dempsey, Mr. Edward J
Brzytwa,* and *Ms. Brenda M. Wood,* for appellant.
*Mr. Charles Kampinski,* for appellee.

DAY, P. J. Federal Deposit Insurance Corporation (appellant or FDIC) secured a judgment for more than $60,000 against Joseph E. Wurstner, Inc. (appellee), a company whose business is the management and maintenance of rental properties belonging to third parties.

After judgment appellant filed a statutory[1] affidavit as part of an aid in execution proceeding. A court order was entered and served on Cleveland Trust Company. That bank answered and bound an existing account (No. 30545-0129) which it held in the name of appellee in the amount of $17,639.02.

Appellee filed a motion to quash the order in aid of execution contending the funds in the account did not be-

---

[1] R. C. 2333.13.

long to it. A hearing was held on the motion. The evidence adduced indicated the funds in Account No. 30545-0129 were generated by rentals collected by the appellee for its principals. The evidence indicated further that pay-outs from the account consisted of (1) payments on trade and service bills for the maintenance of properties managed for the owners by appellee; (2) commissions due it, and (3) balances due the principals. Appellee had drawn out $2,000 in commissions shortly before the order binding the funds had gone into effect.

The court below granted the motion to quash. FDIC appeals without specifying more than this:

"The defendant is not entitled to a motion to discharge, quash or otherwise enjoin the proceedings and attachment on the ground that the property attached does not belong to the defendant."

However, the argument under this rubric indicates clearly that a principal element in it is that appellant has no standing to pursue the relief it seeks

## I.

Appellant cites six cases in support of the contention that the appellee is not entitled to a motion to discharge.[2]

All of the cases with possible exception of *Gay* v. *Peoples Hardware Company, Inc.* (1966), 221 A. 2d 923,[3] stand for the proposition that a defendant in attachment has no standing to move the court to discharge the attachment on the ground that the property attached does not belong to him. Therefore, if the appellant is to prevail, it is incumbent upon it to show that the action binding the funds in the hands of the Cleveland Trust Company is an attachment.

---

[2]*Gay* v. *Peoples Hardware Company, Inc.* (1966), 221 A. 2d 923.

*Langdon* v. *Conklin and Martin* (1859), 10 Ohio St. 439.

*Lydle* v. *Scott* (1957), 6 Ohio Op. 2d 324, 157 F. Supp. 729.

*N. W. Emerson and Company* v. *Love* (1860), 2 Ohio Dec. Repr. 348.

*Poster Corp.* v. *Davenport* (1960), 111 Ohio App. 108.

*Rice et al.* v. *Wheeling Dollar Savings & Trust Co. et al.* (1951), 155 Ohio St. 391.

[3]The *Gay* case, on its facts, involves proceedings analogous to a garnishment under R. C. 2715.01. But such distinctions are unnecessary. It is a precedent persuasive at best—*not* binding.

## II.

The proceedings in the instant case were not taken under the aegis of R. C. 2715.01, the attachment statute. Rather, the record shows that the funds in issue were bound by a proceeding under R. C. 2333.13.[4] And, it is plain on the face of the latter section that the binding action must apply to the property or receivable of the *judgment debtor*. This circumstance implicitly authorizes the defendant in the proceedings to assert as a defense that the property belongs to another. Any other reading of the latter statute would effectively nullify it. Thus, the difference between a proceeding in attachment and one under R. C. 2333.13 is a weighty one.

## III.

We have concluded that the present appellant was proceeding under R. C. 2333.13 in the lower court. It follows that the appellee can interpose the defense of non-ownership to attack the binding of the funds in the hands of the Cleveland Trust Company and has standing to move to quash. Moreover, appellee must prevail if its evidence is sufficient to justify the trier of the facts in concluding that the property seized belongs to another.

Upon the record in this case, including the exhibits, we hold that the evidence is more than sufficient to justify a reasonable man in finding that the property in issue did not belong to the appellee. These conditions illustrate the classic occasion for restraint on the part of a reviewing court. The judgment below will not be disturbed.

---

[4] "R. C. 2333.13. Examination of debtor of judgment debtor.

"Upon proof in writing, by affidavit or otherwise, to the satisfaction of the judge, that a person or corporation has property of such judgment debtor, or is indebted to him, the judge, by an order, may require such person or corporation, or any officer or member of the corporation, to appear at a specified time and place in the county wherein such person or corporation is served with the order and answer concerning it. From the time of its service, property, money, or credits in the hands, or under the control of the person or corporation so served, belonging to the judgment debtor, or due to him from such person or corporation, shall be bound, and he or it made liable to the judgment creditor therefor."

## IV.

We make no judgment on what the effect would have been had the appellant attempted the use of joinder or interpleader when initiating its action in the trial court.

*Judgment affirmed.*

JACKSON, C. J., and KRENZLER, J., concur.