OPINION
{¶ 1} This is an appeal from the Common Pleas Court of Stark County which denied Appellant's objection as to a bank account garnishment by Appellee.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant was the surety pursuant to performance bonds for Northern Valley Contractors, Inc. ("Northern Valley"), a general contractor which defaulted on its contracts.
 {¶ 3} In order to complete such projects, it was necessary for Appellant as surety to provide payroll for the necessary workers.
 {¶ 4} Appellant elected to utilize the employees of Northern Valley and also elected to deposit the necessary funds in a specific Northern Valley account for such purpose.
 {¶ 5} Appellant and Appellee's briefs differ as to whether Northern Valley could issue checks on such account without Appellant's permission.
 {¶ 6} The Court found that Northern Valley could not issue withdrawals but, through error of the payroll processor, and without the knowledge for consent of Appellant, certain unauthorized checks were issued.
 {¶ 7} Appellee, Mascon Equipment and Supply Company, Inc., a judgment creditor of Northern Valley, filed a garnishment of the account being utilized for payroll to complete the contracts as to which Appellant was obligated as surety.
 {¶ 8} The trial court rejected the objection of Appellant and found that, even though all funds were deposited by Appellant for payroll, the garnishment by Appellee was proper under the law.
 {¶ 9} Two Assignments of Error are raised.
 ASSIGNMENTS OF ERROR {¶ 10} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY OVERRULING APPELLANT'S OBJECTION TO GARNISHMENT. THE COURT REACHED A COMPLETELY CONTRARY RESULT TO THAT COMPELLED BY THE EXPRESS STATUTORY LANGUAGE IN OHIO REVISED CODE § 2716.01. THE TRIAL COURT ERRONEOUSLY PERMITTED A JUDGMENT CREDITOR TO SATISFY A BANK ATTACHMENT WITH THE FUNDS BELONGING TO A THIRD PARTY, NOT THE JUDGMENT DEBTOR.
 {¶ 11} "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY OVERRULING APPELLANT'S OBJECTION TO GARNISHMENT UNDER OHIO REVISED CODE § 2716.01. THE COURT ERRED WHEN IT FAILED TO FIND THAT THE FUNDS WERE SUBJECT TO AN IMPLIED TRUST AND ALLOWED THOSE IMPLIED TRUST FUNDS TO BE GARNISHED."
 I. {¶ 12} The First Assignment asserts that the overruling of Appellant's objection to the garnishment permitted the property of a third party, rather than that of the judgment debtor to be reached. We agree.
 {¶ 13} The trial court in its decision found that Appellant and Northern Valley had an oral agreement that the funds which were deposited in the account would only be used for Northern Valley payroll on the bonded projects but also found that the funds were deposited for the benefit of Northern Valley on such bonded projects and that pursuant to the test of Goralsky v.Taylor (1991), 59 Ohio St.3d 197, Northern Valley had a contractual right to demand the money. This conclusion is not in accordance with surety law in that the purpose of a bond on a project is not for the benefit of the defaulting contractor but for the protection of benefit of the project owners and perhaps the subcontractors and the court's decision on this point is in conflict with its finding that Northern could not use the funds without Appellant's approval.
 {¶ 14} The Goralsky case involved an attempt by a judgment creditor to garnishee funds held by the Huntington Bank. Such bank failed to honor the garnishment as to a trust account established for the benefit of the judgment debtor as it bore the name of the trustees rather than that of the debtor, even though its purpose was to benefit the latter. The bank was held in contempt by the court. The Ohio Supreme Court reversed and held that the property being garnished were not the funds themselves but the contractual right to receive them. Since the debtor's equitable interest in the trust was not subject to garnishment but only reachable by a creditor's bill pursuant to R.C. §2333.01, the bank was not in contempt.
 {¶ 15} The court further cited this Court's opinion inHeckman v. Porter, 5th Dist. App. No. 2001CA00345, 2002-Ohio-3946 (not reported in N.E.2d), Rice v. Wheeling DollarSavings Trust Co. (1951), 155 Ohio St. 391, 400; FederalDeposit Ins. Corp. v. Wurstner (1976), 50 Ohio App.2d 57, 58;Neal Walters Poster Corp. v. B.C. Davenport (App. 1960), 13 O.O.2d 33, 34; Lydle v. Scott (N.D. 1957), 157 F.Supp. 729.
 {¶ 16} The Heckman case involved the garnishment of an alleged sham corporation's bank account which contained funds belonging to the judgment debtor.
 {¶ 17} This Court quoted the applicable statute in stating:
 {¶ 18} "Garnishment is a procedure whereby a creditor can obtain property of his debtor which is in the possession of a third party. R.C. 2716.01(B). R.C. 2716.11 provides: `A proceeding for garnishment of property, other than personal earnings, may be commenced after a judgment has been obtained by a judgment creditor by the filing of an affidavit in writing made by the judgment creditor or the judgment creditor's attorney setting forth all of the following: (A) the name of the judgment debtor whose property, other than personal earnings, the judgment creditor seeks to garnish; (B) that the affiant has good reason to believe and does believe that the person named in the affidavit as the garnishee has property, other than personal earnings, of the judgment debtor that is not exempt under the law of this state of the United States; (C) a description of the property.'"
 {¶ 19} The Court also cited Middletown Paint and Glass, Inc.v. Donato Construction Co. (1993), Ohio App. 12 Dist., No. CA92-09-177, in support of its conclusion.
 {¶ 20} The Middletown case, supra, in turn, cited Rice v.Wheeling Dollar Savings Trust Co. (1951), 155 Ohio St. 391,400; Federal Deposit Ins. Corp. v. Wurstner (1976),50 Ohio App.2d 57, 58; Neal Walters Poster Corp. v. B.C. Davenport
(App. 1960), 13 O.O.2d 33, 34; Lydle v. Scott (N.D. 1957),157 F.Supp. 729.
 {¶ 21} The Middletown case differs significantly from the case under consideration. In Middletown, a judgment debtor raised objection to garnishment of funds it claimed were supplied by Mel and Tony Root to pay their subcontractors. Such funds were in Donato's name, without segregation. No contractual relationship was proven to exist between the Roots and Donato. No documentation was provided to prove disbursements of the funds. No trust or escrow arrangement was established. The Twelfth Appellate Court found that the lack of proof and the failure of Donato to file a brief required reversal.
 {¶ 22} The cases cited in Middletown, supra, to the effect that non-ownership of attached property is not a defense to garnishment are not supportive of such conclusion. Rice v.Wheeling Dollar Savings Trust Co. (1951), 155 Ohio St. 391, involved the attachment of property of a non-resident of Ohio and the interpretation of General Code Section 11819 which prohibited such under certain circumstances. It did not involve the issue presented either in Middletown or here.
 {¶ 23} Federal Deposit Insurance Corp. v. Wurstner, Inc.
(1976), 50 Ohio App.2d 57, involved a distinction between a debtor's exam under R.C. § 2333.13 and an attachment.
 {¶ 24} Neal Walters Poster Corporation v. B.C. Davenport
(1960), 111 Ohio App. 108, was concerned with attachment of funds transferred without consideration in violation of the Bulk Sales Act to avoid creditors reaching same.
 {¶ 25} Lydle v. Scott (1957), 157 F. Supp. 729, was concerned with fraud and attempted rescission of a contract wherein it was agreed that the funds involved would be embargoed until the transaction as to oil leases had been completed. This case therefore involves issues totally disconnected withMiddletown and the case sub judice.
 {¶ 26} The issue presented here, as opposed to many of the cases referencing garnishment of bank accounts, is not the obligation of the bank holding such funds to comply with the order of garnishment but whether the objection by a third party claiming a contractual right to such funds superseding any claims of the judgment debtor should or should not be sustained.
 {¶ 27} This case also differs in that it involves the prior contractual obligation of Appellant under its bonds to complete the various projects of Northern Valley.
 {¶ 28} Revised Code § 2716.01 specifically states that theproperty of the debtor may be reached by a judgment creditor. This Court in Heckman, supra, also speaks of reaching the property of a judgment debtor. Clearly, the property of a third party is not, under the statute, subject to garnishment. The facts remaining for determination in any case involving attempted garnishment of funds are whether a contractual relationship is established as to utilization and control of the funds in question.
 {¶ 29} Here, the court found the facts necessary to establish the purpose and source of the funds and the lack of authority of Northern Valley to expend such without approval of Appellant, but misapplied the statute and case law in determining that, notwithstanding ownership, the funds were reachable.
 {¶ 30} We therefore sustain the First Assignment of Error and find thereby that the Second Assignment is moot.
 {¶ 31} This judgment of the Stark County Court of Common Pleas is reversed and remanded for further proceedings in accordance herewith.
Boggins, J. and Wise, P.J., concur.
Hoffman, J. dissents.